[No. 46162-7. En Banc. December 10, 1981.]

DENNIS TERRY SHAW, *Appellant,* v. LESLIE VANNICE, ET AL, *Respondents.*

*Kimbrough & Everett, P.S.,* by *Michael L. Everett,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* and *Martin Muench, City Attorney,* for respondents.

HICKS, J.—A writ of prohibition was denied to petitioner/ appellant when he petitioned the Yakima County Superior Court to prohibit a lay judge of the Yakima County District Court from hearing a driving while intoxicated and resisting arrest case brought against him by the City of Sunnyside in the county district court. On direct appeal to this court, we affirm the Superior Court.

Sunnyside (City) has a population in excess of 5,000. In April 1973, the City and Yakima County (County) agreed by separate resolutions under the Interlocal Cooperation Act, RCW 39.34, that all matters which had theretofore fallen within the jurisdiction of the City's police judge under the constitution and laws of the state and ordinances of the City would be under the jurisdiction of the County's District Justice Court. Leslie Vannice is a duly elected Yakima County District Court judge. He is not an attorney.

The issue before us is whether a lay judge of the county district court, grandfathered under RCW 3.34.060(2)(b),

may hear cases involving alleged violations of ordinances of a city which has a population in excess of 5,000.

The 1961 basic act on justice and other inferior courts (Basic Act) requires that a justice of the peace either be a lawyer admitted to practice in this state or a person who has been elected and served as justice of the peace, municipal judge, or police judge in Washington. RCW 3.34.060. Any city may by petition to the board of county commissioners initiate the establishment of a municipal department of the county district court to have exclusive jurisdiction of matters arising from ordinances of the city and no jurisdiction in other matters. RCW 3.46.010, .030, and .040. Alternatively, cities of 20,000 or less may by ordinance establish their own municipal courts separate from the countywide justice court system. RCW 3.50.010. Such municipal courts have exclusive original criminal jurisdiction of all their city's ordinances. Additionally, they have such other powers and jurisdiction as generally conferred in this state by common law or by express statute. RCW 3.50-.010 and .020. All judges of these municipal courts in municipalities having a population of 5,000 or more, however, must be attorneys. RCW 3.50.040. The Interlocal Cooperation Act, RCW 39.34, provides a way for municipalities to secure requisite court service in counties having a district court system.

The City's resolution, under RCW 39.34, read in pertinent part:

> 1. That commencing January 1, 1974, the office of City Police Judge be terminated and that thereafter all matters theretofore falling within the jurisdiction of the City Police Judge under the laws of the State of Washington and the ordinances of the City of Sunnyside, shall be under the jurisdiction of the Yakima County District Justice Court pursuant to the provisions of RCW 3.62, which presently requires a filing fee of $4.00 for each case.

The County's resolution read in part:

> (3) That effective January 1, 1974, all matters theretofore falling within the jurisdiction of the police judge for

the City of Sunnyside under the constitution and laws of the State of Washington and the ordinances of the City of Sunnyside, shall be under the jurisdiction of the Yakima County District Justice Court.

■ In the instant case, it is clear that the City did not set up its own municipal court pursuant to RCW 3.50.010. Nor did it petition to become a municipal department of the County system under RCW 3.46.010. Therefore, the requirement under RCW 3.50.040 that a municipal court judge be an attorney does not apply.

The City transferred all cases arising out of violation of its ordinances to the County system under RCW 39.34 and RCW 3.62. The City terminated its justice system effective January 1, 1974, and for practical purposes became an affiliate of the County district justice court system. The City has neither a municipal department of the County justice court nor its own municipal court.

It is our view that Judge Leslie Vannice may sit in this matter. He was duly elected prior to the Basic Act and is a qualified district court judge under RCW 3.34.060(2)(b). Respondents' argument that Judge Vannice was "grandfathered" under this provision and can hear this matter is correct.

Appellant's argument is one of statutory construction. He argues that since Judge Vannice presides over cases involving City ordinances, he must be a justice in a city as that term is used in RCW 3.12. This chapter, which has been in effect since early in this state's history and was last amended in 1957, has been substantially superseded by the comprehensive justice court Basic Act. Nonetheless, it is a fact that RCW 3.12.071 states that justices of the peace in cities of 5,000 or more must be attorneys. Cities choosing to operate under RCW 3.12 must comply with this provision. In this case, however, Sunnyside does not operate under RCW 3.12, and has no justice of the peace. Yakima County District Court has the judges, and Leslie Vannice is one.

The Basic Act, RCW 3.30–3.74, when taken together with RCW 39.34, the Interlocal Cooperation Act, contemplates

that district courts may have jurisdiction over offenses under city ordinances. RCW 3.30.090 provides that such courts can set up violation bureaus for traffic cases brought under state law, city ordinance, or county resolution. Moreover, it appears that the legislature was aware of the distinction between county judges who do hear city cases, and judges of municipal courts for cities of 20,000 or less. The legislature clearly provided that the grandfathering clause applied to the former group, but that the latter group had to be lawyers except in towns under 5,000 population.

Appellant argues that this scheme violates equal protection, because some cities may have lay judges by electing to use the district court system, while others, if they are to have their own municipal courts, must employ only judges who are attorneys. We do not agree. In *Young v. Konz*, 91 Wn.2d 532, 588 P.2d 1360 (1979), we approved the exercise of criminal misdemeanor and gross misdemeanor jurisdiction by a nonlawyer county district court judge and a nonlawyer municipal court judge. *Young* relied on *North v. Russell*, 427 U.S. 328, 49 L. Ed. 2d 534, 96 S. Ct. 2709 (1976).

In *Young,* the district court judge, who was in a district having a population of less than 10,000, qualified for his position by passing a qualifying examination pursuant to RCW 3.34.060(2)(c). The municipal court judge was appointed by the mayor of Granger pursuant to RCW 3.50-.040. Granger has a population of less than 5,000. Those who applied for writs in the *Young* case did not make appellant's statutory construction argument which we have addressed. Rather, they contended that due process and equal protection are violated when lay judges hear cases that could result in loss of liberty. We disagreed, instead following the United States Supreme Court decision in

*North,* and not finding an independent violation under Const. art. 1, § 3.

Appellant herein does not raise the due process issue. Rather, he makes equal protection arguments similar to those addressed in *Young.* As we said in *Young* at page 543:

Lastly, we find *North* controlling on the issue of equal protection. The United States Supreme Court in *North* upheld the right of states to classify areas, establishing one system of courts for populated areas and another for rural areas.

Here, the County and City acted within their statutory authority by cooperating in transferring jurisdiction over City matters to the County district court system and in effect making the City an affiliate of the County system. Appellant's equal protection argument is precluded by *Young.* The focus after the transfer of jurisdiction is on the County and not the City and all people within the district court system are treated the same.

Though appellant did not raise the issue, we note that the new Rules for Appeal of Decisions of Courts of Limited Jurisdiction, effective January 1, 1981, have changed the review process. They provide for appeal on the record rather than de novo review, raising a due process issue where trial has been before a lay judge. *See Young v. Konz, supra* and *North v. Russell, supra.* De novo review, however, is still available under RALJ 1.1(a) where the judge is not a lawyer admitted to practice in this state. Any matter tried to a nonlawyer judge in any court of limited jurisdiction in this state may be taken up for de novo review. Thus, there is no due process problem with the system.

The writ of prohibition is denied and the Superior Court is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, WILLIAMS, DORE, and DIMMICK, JJ., concur.

538

UTTER, J. (concurring)—I concur as I do not believe the issues addressed by the majority reach the matters discussed in my dissent in *Young v. Konz,* 91 Wn.2d 532, 588 P.2d 1360 (1979).

DOLLIVER, J., concurs with UTTER, J.